UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK MANNING AND GEORGE CHELSO,<br>　　*Plaintiffs,*<br><br>　　v.<br><br>COMMUNITY SOLUTIONS, INC. AND SHERRY ALBERT,<br>　　*Defendants.* | No. 3:20-cv-00337 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

Mark Manning and George Chelso ("Plaintiffs") have sued Community Solutions, Inc. ("Community Solutions" or the "company") and Sherry Albert, Chief Operating Officer of Community Solutions (collectively, "Defendants") following their termination from employment. Defendants removed the case from state court to federal court and Plaintiffs have filed an objection to the removal.

For the reasons stated below, Plaintiffs' motion to remand is **DENIED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

　　**A. Factual Allegations**

Mr. Manning and Mr. Chelso were both employed by Community Solutions, "a social service agency [allegedly] employing more than 100 [people]." Pls.' Obj. to Removal to Fed. to Ct., ECF 13-2, Ex. B, ¶¶ 4, 6 (Mar. 17, 2020) ("Am. Compl."). "Mr. Manning [allegedly] began employment at Community Solutions . . . in [or around] 2007," and continued working with the company until he was terminated on or around June 22, 2018. *Id.* ¶ 7. Mr. Chelso also allegedly was employed by Community Solutions until he was allegedly "terminated from employment on or [around] June 22, 2018." *Id.* ¶ 8.

1

Sometime in 2015, Mr. Manning allegedly "filed a [] complaint against Community Solutions" with the Connecticut Commission on Human Rights and Opportunities for alleged "discriminatory employment practices," and "the matter was [allegedly] resolved to [Mr. Manning's] satisfaction without further litigation." *Id.* ¶ 10.

During his time of employment at Community Solutions, Mr. Manning allegedly "for many years[,] [*inter alia*,] [] fulfilled[] the responsibilities outline[d] in his job description" *id.* ¶ 17, "protect[ed] the rights of other employees, [] report[ed] unethical conduct of other employees to management," *id.* ¶ 18 and "maintained . . . professional, courteous and cooperative relationships with coworkers and supervisors," *id.* ¶ 19.

Mr. Chelso also allegedly "for many years[,] [*inter alia*,] [] fulfilled[] the responsibilities outline[d] in his job description" *id.* ¶ 22, "protect[ed] the rights of other employees, [] report[ed] unethical conduct of other employees to management," *id.* ¶ 23 and "maintained, professional, courteous and cooperative relationships with coworkers and supervisors," *id.* ¶ 24.

Mr. Manning and Mr. Chelso allegedly were "outspoken critics of management practices," *id.* ¶ 9, and on or around June 22, 2018, both Mr. Manning and Mr. Chelso allegedly received notices of termination, *id.* ¶¶ 15, 20. "Mr. Manning was [allegedly] informed he was being terminated for violating three [company] policies involving meeting his job duties, ethics violations and failing to maintain professional relations with other employees." *Id.* ¶ 15. "Mr. Chelso was [allegedly] informed he was being terminated for violating five [company] policies involving meeting his job duties, ethics violations and failing to maintain professional relations with other employees and clients." *Id.* ¶ 20.

Plaintiffs allege the "stated reasons [for their termination] were pretextual." *Id.* ¶¶ 16, 21, and have filed suit against Community Solutions and Ms. Albert, the company's Chief Operating Officer.

### B. Procedural History[1]

On October 3, 2019, Plaintiffs filed their initial complaint in the Connecticut Superior Court, Judicial District of Hartford alleging five counts against Defendants. *See Manning v. Community Solutions, Inc.*, No. HHD-cv-19-6118039-S (Conn. Super. Ct. Oct. 3, 2019); *see also* Notice of Removal, ECF No. 1-1, Ex. A (Mar. 12, 2020) ("Initial Compl.").

On February 27, 2020, Plaintiffs filed an Amended Complaint in the Connecticut Superior Court, Judicial District of Hartford. Am. Compl.

On March 12, 2020, Defendants removed the action to this Court. Notice of Removal, ECF No. 1 (Mar. 12, 2020).

On March 17, 2020, Plaintiffs filed a motion to remand the action to state court. Pls.' Obj. to Removal to Fed. Ct., ECF No. 13 (Mar. 17, 2020) ("Pls.' Mot.")

On March 19, 2020, Defendants filed an opposition to Plaintiffs' motion to remand the action to state court. Def.'s Resp. to Pl.'s Obj. to Removal, ECF No. 14 (Mar. 19, 2020) ("Defs.' Resp.").

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original

---

[1] The Court provides the procedural history relevant to the motion to remand. There has been further activity in this case – including a motion to dismiss – that will not be discussed in this opinion.

jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may be removed to federal court if the plaintiff's well-pleaded complaint raises issues arising from federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

A defendant must file a notice of removal either within thirty days of receiving a copy of the initial pleading setting forth the claim for relief, or within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) and (3).

### III. DISCUSSION

Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day time period does not necessarily begin upon the service of initial complaint—it begins only when the defendant receives information from which he can ascertain the case's removability. 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see also Whitaker v. Am. Telecasting Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001) ("A case is removable when the initial pleading 'enables the defendant to "intelligently ascertain" removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28

4

U.S.C. § 1446(a).'" (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997))).

Defendants argue that the "notice of removal was timely filed" and Plaintiffs "have raised a federal question" thereby making this "Court's jurisdiction []proper." Defs.' Resp. at 1. According to Defendants, Plaintiffs' "[I]nitial [C]omplaint contained no federal claims and provided no other basis to remove this action." *Id.* at 2. Defendants allege that it was not until the Amended Complaint was served, on February 27, 2020, that "causes of action [under] the First Amendment of the United States Constitution," were "specified." *Id.* Defendants argue that Plaintiffs' Initial Complaint "contained only vague references to their rights of freedom of association, freedom of speech[,] and freedom of retaliation without particularizing whether [P]laintiffs[] intended to invoke the protections of the United States Constitution, the Connecticut Constitution or both." *Id.* at 3. According to Defendants, Plaintiffs' "[I]nitial [C]omplaint did not provide [a] sufficient basis to remove th[e] action," but now the "revised complaint does state a federal question." *Id.* at 4.

Plaintiffs argue that Defendants' removal of this action "violates the strict 30-day time limit mandated by 28 U.S.C. § 1446." Pls.' Mot at 2. Plaintiffs "do not concede that there is any federal question jurisdiction raised," but argue that if "the[] claims raised federal questions," the Defendants "should have removed th[e] action to federal district court in November," thirty days after the Initial Complaint. *Id.* According to Plaintiffs, if a federal question has been raised, Defendants were given "notice the claims would be asserted concerning the rights of freedom of association, freedom of speech, and freedom f[rom] retaliation." *Id.*

The Court disagrees.

As Plaintiffs note, their "civil rights claims against . . . Defendants . . . give[] them the right to sue private parties for violations of certain rights under the federal **and** state constitutions." *Id.* at 2-3 (emphasis added). If the claims stated in Plaintiffs' Initial Complaint could have been asserted exclusively under state law, removal would have been inappropriate based on that pleading alone. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F. 3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Tortora v. City of Shelton Bd. of Fire Comm'rs*, No. 3:12-CV-951 (SRU), 2012 WL 4854694, at *2 (D. Conn. Oct. 11, 2012) ("Passing references to federal law in a state[]court complaint are insufficient to support removal based on federal-question jurisdiction.")

Unlike the Initial Complaint, Plaintiffs' Amended Complaint more clearly specifies the nature of Plaintiffs' claims, by alleging unequivocally that Plaintiffs' freedoms protected by the First Amendment of the United States Constitution were violated. *See e.g.*, Am. Compl. ¶ 46. For example, in the Amended Complaint Plaintiffs have explicitly alleged, *inter alia*, Defendants

> abridg[ed] [Plaintiffs'] right to freedom of speech under the First Amendment to the United States Constitution and Article I, §§ 4, 14 of the Connecticut Constitution, freedom of association under the First Amendment to the United States Constitution and Article I, §§ 4, 14 of the Connecticut Constitution, and the right to petition in a court or administrative agency for the redress of grievances under the First Amendment to the United States Constitution and Article I, §§ 4, 14 of the Connecticut Constitution.

*Id.* ¶¶ 46, 50. Given the ambiguity in Plaintiffs' Initial Complaint, which only stated that the action was "alleging violation of the plaintiffs' right to be free from retaliation for the exercise of rights guaranteed by Connecticut General Statutes 31-51q, including their right to freedom of association, freedom of speech[,] and freedom f[rom] retaliation." Initial Compl. at 1 ¶ 1,

6

"Defendant[s] could not 'intelligently ascertain' the removability" of this action until the filing of the Amended Complaint on February 27, 2020. *Melillo v. Brais*, No. 3:17-CV-00520 (VAB), 2017 WL 2462822, at *3 (D. Conn. June 7, 2017) (quoting *Whitaker*, 261 F.3d at 205-206).

Because Plaintiffs filed the Amended Complaint on February 27, 2020 and Defendants filed their Notice of Removal on March 12, 2020, Defendants' Notice of Removal fell within the thirty-day time period required under 28 U.S.C. § 1446(b)(3). As a result, there is no basis for remanding this case because of any alleged untimeliness.

In addition, the doctrine governing the removal of cases from state court confirms the Court's original jurisdiction in this matter. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." (quoting 28 U.S.C. § 1441(b)). Despite "not conced[ing] that there is any federal question jurisdiction," Pls.' Mot. at 2, Plaintiffs expressly raise the First Amendment of the United States Constitution. *See* Am. Compl. ¶¶ 46, 50. Thus, Plaintiffs have invoked the protections of federal law and the removal of this case was appropriate in light of the federal nature of Plaintiffs' claims. *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F. 3d 108, 116 (2d Cir. 2004) (concluding "that the vindication of Bracey's state-law rights as asserted in his well-pleaded section 31-51q cause of action requires that a court construe federal First Amendment law and evaluate its scope" and that the "federal question raised by Bracey's claim is thus substantial."(internal citation, alteration, and quotation marks omitted); *see also Ting v. Univ. of Bridgeport*, No. 3:11-cv-30 (CFD), 2011 WL 2222309 at *2 (D. Conn. June 7, 2011) ("[C]ourts construe section 31–51q claims in accordance with federal First Amendment law, irrespective of whether the plaintiff claims a violation of federal or state constitutional law").

Accordingly, the Court will not remand this case for lacking a federal question jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is **DENIED.**

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of March, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE